IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


OLUWASHINA KAZEEM AHMED-AL-KHALIFA,
a/k/a OLUWASHINA AHMED,
a/k/a MARK AYILLA,
      Plaintiff,

vs.                                  Case No.:  3:13cv289/WS/EMT

THE SALVATION ARMY, NIGERIA
TERRITORY SOCIAL SERVICES SECTION,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's complaint (doc. 1), motion for leave to proceed in forma pauperis (doc. 2), and motion to appoint counsel (doc. 3).  Plaintiff claims that The Salvation Army Nigeria Territory denied his application for humanitarian relief without a fair hearing and appeal (doc. 1 at 2).

I.      BACKGROUND

      Plaintiff, a resident of Nigeria (doc. 1 at 13), names The Salvation Army, Nigeria Territory (Social Services Section) as the sole Defendant in this action (*id.* at 1).  According to the complaint, on July 9, 2012, Plaintiff and Mutiu Adesina Oyelakin applied for humanitarian relief from Defendant (*id.* at 5).  Defendant's agent advised them to "write down what happened in detail" (*id.*).  The agent further advised them that they would be interviewed by the Panel of Committee to present evidence to support their application for aid (*id.*).  Plaintiff states he returned to Defendant's office on July 17, 2012, and was informed to return in two weeks (*id.* at 5–6).  Plaintiff alleges he returned on August 13, 2012, and was provided a letter dated August 8, 2012, denying his application without an interview or an opportunity to present evidence to support his application, and without a means

to appeal the decision (*id.* at 6; doc. 1-1 at 12). Plaintiff alleges Defendant's agent advised him that the decision was final and could not be appealed (doc. 1 at 6). When Plaintiff inquired as to why he had not been notified of the August 8 decision, the agent stated that because she had advised Plaintiff to return to the agency to be advised of the status of his application, there was no need to send him the written notice of the decision (*id.*). Plaintiff also states the agent refused to provide him a copy of his written application (*id.*).

Plaintiff contends the failure to provide an interview or hearing on his application, notice of the final decision, or a process to appeal the final decision violates the Fifth Amendment of the United States Constitution, several treaties, and several conventions, charters, covenants, declarations, and acts of the United States and other nations (doc. 1 at 2–3, 6–7). He also contends the denial constitutes an act of war under 18 U.S.C. § 2241 (*id.* at 8). As relief, Plaintiff seeks compensatory damages in the amount of $700,000,000.00, and any other relief the court deems just and proper (*id.* at 13).

II.    ANALYSIS

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. *See* <u>Lovern v. Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); <u>Tylon v. Kloak</u>, 98 F. App'x 511, 2004 WL 729173, at *1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. <u>Lovern</u>, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing <u>Thomas v. Gaskill</u>, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

As the jurisdictional basis for this lawsuit, Plaintiff, as a resident of Nigeria, states he is bringing this action under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350 (doc. 1 at 4). The ATS

states: "The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. The ATS is jurisdictional in nature and provides a cause of action for "'a modest number of international law violations'" under federal common law. Kiobel v. Royal Dutch Petroleum Co., — S. Ct. —, 2013 WL 1628935, at *4 (quoting Sosa v. Alvarez-Machain, 542 U.S. 692, 724, 124 S. Ct. 2739, 159 L. Ed. 2d (2004)); see also Estate of Amergi ex rel. Amergi v. Palestinian Authority, 611 F.3d 1350, 1362 (11th Cir. 2010) (noting that the ATS provides subject-matter jurisdiction).

In Kiobel, the petitioner/plaintiffs, Nigerian nationals residing in the United States, filed suit in federal court under the ATS, alleging that certain Dutch, British, and Nigerian corporations aided and abetted the Nigerian Government in committing violations of the law of nations in Nigeria. 2013 WL 1628935, at *3. The Supreme Court granted certiorari on the issue of whether and under what circumstances courts may recognize a cause of action under the ATS for violations of the law of nations occurring within the territory of a sovereign other than the United States. Id. The Court held that the "presumption against extraterritoriality applies to claims under the ATS," and because nothing in the ATS rebuts that assumption, "petitioners' case seeking relief for violations of the law of nations occurring outside the United States is barred." Id. at 10.[1] The court further noted that to overcome the presumption against extraterritoriality applicable to claims brought under the ATS, one would need to show that "the claims touch and concern the territory of the United States" and that the claims do so "with sufficient force to displace the presumption against extraterritorial application." Id. (also noting ". . . it would reach too far to say that [a defendant's] mere corporate presence [in the United States] suffices.").

---

[1] While the full extent of the impact that the Kiobel decision will have on future ATS claims remains unclear, the majority in Kiobel (and for that matter the court unanimously overall) clearly sought to restrain, to a significant degree, the ability of individuals to bring ATS claims for tortious conduct occurring entirely outside of the United States. 2013 WL 1628935, at *12 (Breyer, J., concurring) (agreeing with majority's conclusion that ATS did not provide a jurisdictional basis for petitioners/plaintiffs claims, but disagreeing with majority's reliance on the presumption against extraterritoriality, and stating that jurisdiction under the ATS may be found where: "(1) the alleged tort occurs on American soil, (2) the defendant is an American national, or (3) the defendant's conduct substantially and adversely affects an important American national interest, and that includes a distinct interest in preventing the United States from becoming a safe harbor (free of civil as well as criminal liability) for a torturer or other common enemy of mankind.").

Here, the alleged violations, that is, the denial of Plaintiff's application of aid without a hearing, written notice of the denial, or an opportunity to appeal, occurred entirely in Nigeria. In light of <u>Kiobel</u>, the ATS cannot confer subject matter jurisdiction upon Plaintiff's claims, because the relevant conduct and alleged violations occurred outside of the United States, and the allegedly unlawful denial of humanitarian aid in Nigeria does not "touch" or "concern" the United States in such a way that would overcome the ATS's presumption against extraterritoriality. Therefore, this action should be dismissed for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

1.    Plaintiff's complaint (doc. 1) be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

2.    Plaintiff's motion for in forma pauperis (doc. 2) be **DENIED**.

3.    Plaintiff's motion to appoint counsel (doc. 3) be **DENIED** as moot.

At Pensacola, Florida this <u>29</u>th day of April 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**